

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-93,807-01 & WR-93,807-02

### EX PARTE ELMO DWAYNE FLOWERS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 12-CR-0609-83-1 & 12-CR-0610-83-1
### IN THE 56TH DISTRICT COURT
### FROM GALVESTON COUNTY

*Per curiam*. SLAUGHTER, J., filed a dissenting opinion, in which YEARY, J., joined.

## O R D E R

Applicant pleaded guilty to two charges of aggravated assault with a deadly weapon and was sentenced to 25 years' imprisonment in each case. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his pleas were involuntary because trial counsel failed to inform Applicant of, and investigate, an alleged victim's statement disavowing her accusation against Applicant. Alternatively, if trial counsel did not have notice of this statement, Applicant's pleas were

involuntary because they were the result of a *Brady*[1] violation.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Brady v. United States*, 397 U.S. 742 (1970); *Brady,* 373 U.S. 83. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's pleas were involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims. Additionally, the trial court shall enter findings regarding laches. *Carrio v. State,* 992 S.W.2d 486 (Tex. Crim. App. 1999); *Ex parte Perez,* 398 S.W.3d 206 (Tex. Crim. App. 2013).[2]

The trial court shall make findings of fact and conclusions of law within ninety days from

---

[1] *Brady v. Maryland,* 373 U.S. 83 (1963).

[2] Before making this determination, the trial court shall give Applicant the opportunity to respond and explain his delay. *See Ex parte Smith,* 444 S.W.3d 661, 670 (Tex. Crim. App. 2014) ("An applicant must be afforded this opportunity—irrespective of whether the State alleges the delay disadvantages its own position—before a court recommends or concludes that laches compels the application's denial").

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 21, 2022
Do not publish